## A. B. FARNUM *v.* JOHN EWELL.

*Damage to Joint Interest.   Action.   Pleading.   Partnership.*

1.  An action tò recover for damages to the plaintiff's carriage shop, to the machinery therein, and for interruption to his business, is not a possessory action in respect to the damages to the business; and one of two parties, whether partners or not, who have a joint interest in the business, cannot in his own name recover full damages for such interruption; and where the evidence tended to show a joint interest, the court erred in neglecting to submit the question with proper instructions to the jury.

2.  The charge to the jury, *q. v.*, was construed to mean that the owner of the shop could recover full damages for injury to the business, in which his son had a half interest, and was therefore erroneous.

ACTION on the case for negligence. Trial by jury, December Term, 1886, POWERS, J., presiding. Verdict and judgment for the plaintiff.

The plaintiff had title to a carriage shop on the southerly side of a road leading through Peacham; and the defendant, for six years and more prior to this suit, had been in the actual occupation, use and control of a saw-mill just below the plaintiff's shop, and the flume supplying the same with water, under a contract of purchase from the heirs and in his own right.

The water used to run the shop and saw-mill was divided above the road, and a part of it was carried in a penstock to the plaintiff's shop, and the rest run in a plank flume to defendant's mill.

The plaintiff's evidence tended to prove that this flume was elevated upon a cob-house framework of logs about six feet high, where it passed the northwest corner of the plaintiff's

shop; that this flume passed down by the side of the shop to defendant's saw-mill, but at a distance of several feet after passing said northwest corner; that the defendant's flume at said northwest corner was some 18 to 24 inches from his shop; that for some time prior to the suit said flume had been out of repair and leaky; that the defendant knew of the condition of the flume, but had not repaired it; that the water gushed out of it at this northwest corner, spattered the plaintiff's buildings on the outside, and formed ice under the same; by all of which the building was greatly rotted and thrown out of level or line; and that the machinery that was in said shop was also thrown out of level, the water wheel in the basement frozen up and stopped; and that the business which the plaintiff and his son, Scott Farnum, had, for more than six years prior to suit, carried on in said shop, as hereafter stated, had been greatly interrupted, hindered and delayed.

The plaintiff sought to recover all damage done to his shop, the expenses of putting it in level and machinery in line, and also for loss in consequence of the interruption to the business done in the shop. The plaintiff introduced evidence as to all said damages.

The defendant's testimony tended to show that this saw-mill and flume at the time of suit, and for some time prior, belonged to the estate of his father, Isaac Ewell, deceased; that he had no deed of two-thirds of said mill and flume, but he had agreed with the other two heirs to buy their share of same; that the flume was just as good as it was when his father died, or as it had been for many years; that it did not leak much, etc.

The defendant introduced evidence to show that the part of plaintiff's shop wet from defendant's flume was over plaintiff's line, and upon that of the Ewell heirs as aforesaid; that plaintiff, in the dry weather, would stop up the opening to this flume where the water was divided, so that all the water would run to his shop; that in consequence of this the timber in flume would dry up, and that then the flume would for some

time leak badly, and timber rot faster than it otherwise would have done.

The plaintiff introduced his son, Scott Farnum, who, on cross-examination, testified in substance as follows: That he and his father for ten years last past had carried on business in said shop of carriage making and repairing, planing lumber, etc.; that there had been, since he was 17 or 18 years old, a sign on north end of shop which read, "A. B. Farnum & Son"; that all the business was done in that name; that all orders were given and taken in that name, etc.; * * * that if there was any loss, bad debts, etc., he had no partnership in it; that the credit was given to them both; that when he was 21, some five or six years ago, his father told him he might have half of what they made provided he would stay at home, and he did stay at home; that they kept no separate account of work, but all was charged upon a common book; that either settled all accounts as he pleased; that one had as much control of the business as the other, and had common access to shop; that he paid no rent on shop, and that he helped pay repairs that had been made.

The plaintiff was the sole owner of the machinery which was claimed to have been injured.

There was no other proof to vary or alter the above evidence of said Scott Farnum.

The defendant's counsel in his argument claimed to jury that plaintiff could not in this action, in his sole name, recover all the damages occasioned by the interruption to business (if any), because this business belonged to the partnership of Farnum & Son, and not to plaintiff alone; but the court, on objection made by plaintiff's counsel, stopped the counsel, and said there was no evidence to show any partnership between plaintiff and his son; that he should instruct the jury so, and that counsel must not argue that point any further; and counsel did not do so. To this ruling and refusal the defendant excepted.

The court in its charge told its jury there was no proof of

partnership between plaintiff and his son; that plaintiff could in this action recover for all loss to his business in consequence of the negligence of defendant as aforesaid.

Bates & May and J. P. Lamson, for the defendant.

The plaintiff declared for and claimed damages for loss of business. He could not recover the son's loss caused by an interruption of the business. "Partnership is a question of law, dependent on the facts; but when there is any doubt as to the facts it becomes a question for the jury to decide." Prof. Jur. ss. 274, 316. There may be a legal partnership even though a partner is guaranteed against loss. Parson Part. p. 42. And this is the rule in this State. Chapman v. Devereaux, 32 Vt. 616; Brigham v. Dana, 25 Vt. 29. As to the damages, see Wood Mayne Dam. s. 624.

Nichols & Dunnett, for the plaintiff.

To form a partnership there must be a share in the profits and loss of the business, and the terms when used in reference to this subject denote the ultimate profit of the operation. Bowman v. Bailey, 10 Vt. 170; Kellogg v. Griswold, 12 Vt. 291; Morgan v. Stearns, 41 Vt. 398. Sharing in the profit and loss is not decisive between the parties, as it may have been a mere arrangement with a view to compensation for services rendered in the employment. Flint v. Marble Co.; Farrand v. Gleason, 56 Vt. 633; Bailey v. Clark, 6 Pick. 372; Chace v. Barrett, 4 Paige, 148. This case falls within the line of cases where the share reserved is in compensation for services, and is not a strict partnership. Bowman v. Bailey, supra; Ambler v. Bradley, 6 Vt. 119.; Tobias v. Blin, 21 Vt. 544; Mason v. Potter, 26 Vt. 722; Hawkins v. McIntyre, 45 Vt. 496; Baxter v. Rodman, 3 Pick. 435; Hesketh v. Blanchard, 4 East. 144; Muzzy v. Whitney, 10 Johns. 226; Vanderbey v. Howe, 20 Wend. 70; Burckle v. Eckhart, 1 Denio, 337; Bradley v. White, 10 Met. 303.

The action is a possessory action and not a merely personal

Farnum *v.* Ewell.

action, like a suit for a chattel, and if the plaintiffs were tenants in common, one of them could recover the full damage. *Hibbard* v. *Foster*, 24 Vt. 542; *Bigelow* y. *Rising*, 41 Vt. 678; *Shaw* v. *Cummuskey*, 7 Pick. 76.

The opinion of the court was delivered by

ROWELL, J. It is immaterial to inquire whether the plaintiff and his son were partners or not in the business carried on in the shop; for the testimony *tended* to show that the son had a half interest as owner in what was made in the business; and if he had, the plaintiff could not in his name alone recover full damages for injury to that business, as such injury would damage the joint interest of both, and this suit, in respect of these damages, is not a possessory action, so that the plaintiff can recover the whole damages.

Plaintiff claims that his son had no interest in the business, but that the arrangement whereby he was to have half that was made in it amounted to no more than affording a standard by which to measure the amount of compensation he was otherwise to receive for his services, and gave him no interest in the business itself nor in what was made in it. But it was for the jury to say how that was on the testimony, and it should have been submitted to it with proper instructions.

The Chief Justice thinks that in the charge the plaintiff was limited to recovery for loss to his interest in the business only, and was not permitted to recover for damage to the son's interest therein, agreeing that if not so limited, there was error. But the rest of the court do not think the exceptions fairly susceptible of that construction, and that plaintiff was allowed to recover full damages in this behalf.

It is not necessary to consider the exception to what plaintiff was permitted to say defendant did when he asked him to fix the flume, as it is not likely that that testimony will be called out on another trial.

Reversed and remanded.